**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MELANIE SIMPSON, et al., individually**<br>**and on behalf of others similarly situated** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 03-CV-0487-CVE-FHM** |
| | ) | |
| **GATESWAY FOUNDATION, INC.,**<br>**an Oklahoma non-profit corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiffs' First Motion in Limine and Brief in Support (Dkt. # 71).

Plaintiffs seek to preclude defendant's reliance on the so-called "companionship exemption" to the

requirements of the Fair Labor Standards Act ("FLSA") contained in 29 U.S.C. § 207(a)(1).

The FLSA requires that employers provide overtime compensation to employees working

longer than forty hours a week, and that compensation must be "not less than one and one-half times

the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  The statute provides a number of

exceptions to the rule requiring overtime pay, including the companionship services exemption.  The

companionship services exemption states that "any employee employed in domestic service

employment to provide companionship services for individuals who (because of age or infirmity)

are unable to care for themselves" is subject to the exemption.  29 U.S.C. § 213 (a)(15).  The

Department of Labor has interpreted § 213 (a)(15) to include among those not entitled to overtime

pay individuals "who are employed by an employer or agency other than the family or household

using their services." 29 C.F.R. § 552.109(a).  In other words, the exemption applies even if the

employee is working for a third party rather than the individual for whom she is providing the services.  There is no dispute that defendant is a third-party employer for the purposes of the statute.

Plaintiffs rely upon the Second Circuit's opinion in <u>Coke v. Long Island Care at Home, Ltd.</u>, 376 F.3d 118 (2d Cir. 2004), where the court held that 29 C.F.R. § 552.109(a) is unenforceable. Since the filing of plaintiffs' motion in limine, the United States Supreme Court has granted a petition for a writ of certiorari in <u>Coke</u> and vacated the judgment of the Second Circuit and remanded the case for further consideration in light of the DOL's Wage and Hour Advisory Memorandum No. 2005-1, issued December 1, 2005.  <u>Long Island Care at Home, Ltd. v. Coke</u>, 2006 WL 155248, at *1 (Jan. 23, 2006).   That agency memorandum, directly addressing the Second Circuit's <u>Coke</u> decision, reaffirms the viability of the companionship exemption and confirms that regional administrators and district directors for the Department of Labor should continue to apply the regulation in all states outside of the Second Circuit.  Application of Section 13(a)(15) to Third Party Employers, Department of Labor Wage and Hour Advisory Memorandum No. 2005-1 (Dec. 1, 2005).

The Court further observes that the Tenth Circuit has expressly held that the companionship exemption contained in 29 C.F.R. § 552.109(a) is enforceable.  <u>See</u>, <u>e.g.</u>, <u>Johnson v. Volunteers of America</u>, 213 F.3d 559, 562 (10th Cir. 2000)("[T]he fact that domestic service employees are not employed by the individuals receiving care, does not alone exclude them from the exemption."); <u>see also</u> <u>Terwilliger v. Home of Hope, Inc.</u>, 21 F.Supp.2d 1294, 1299 n.2 (N.D. Okla. 1998) (rejecting plaintiffs' claim that the exemption did not apply because plaintiffs were employed by defendants, a third party, and not by the person requiring care).  In 2004, the Tenth Circuit reaffirmed its position.  <u>See</u> <u>Welding v. Bios Corp.</u>, 353 F.3d 1214, 1217 n.3 (10th Cir. 2004) (noting that the

2

companionship exemption "can apply even when the domestic service employee is actually employed by a service agency . . . ." ).

In light of the continuing viability of the companionship exemption, the Court concludes that admission of evidence relating to the exemption is entirely appropriate and hereby **denies** plaintiffs' motion in limine (Dkt. # 71).

**IT IS SO ORDERED** this 30th day of January, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT